## Case No. 956.

BANK OF WASHINGTON v. WALKER.

[1 Hayw. & H. 60.] [1]

Circuit Court, District of Columbia. Dec. 27, 1841.

DEPOSITION—OF MOTHER UNABLE TO ATTEND—WITHDRAWAL.

The deposition of a mother taken de bene esse, who is unable to attend, is proper to be read to a jury, and after being read may be waived and withdrawn, by the party offering the same, from the consideration of the jury.

[At law. Suit by the Bank of Washington against Henry Walker on a promissory note. Tried by a jury. Verdict for defendant.]

The declaration avers that a certain party promised to pay the defendant or order the sum of $6,000, sixty days after the date thereof, viz., 25th day of February, 1840, negotiable at the Bank of Washington, and delivered the said note to the defendant, who before the time limited in the note for the payment thereof, endorsed the said note to one Lewis Walker, and delivered it to the said Lewis, who before the time limited, &c., endorsed the said note to plaintiff and delivered, &c. That the said defendant promised to pay without the usual demand on the maker according to the tenor and effect of the said promise, and waived notice of the nonpayment by the said maker and promised the plaintiff to pay it in default of any such demand, and in default of notice thereof to the said defendant. The usual money counts were added. The plea of defendant was infancy.

The deposition of Dorcas Walker, mother of defendant, taken de bene esse, was read on the trial; the following interrogatories

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

2FED.CAS.—48

had been propounded to her: 1. Do you know the age of Henry Walker? 2. And if yea, state how you know the same, and what relation you bear to him, and when he was born?

In answer to the first, the deponent saith: He was born on the 1st day of October, 1819. In answer to the second: She is his mother. She answers further that there was a family Bible in which was entered the births of her children, but that the Bible has been lost and cannot now be found, although diligent search has been made for it. He was the youngest child and she remembers his age perfectly well.

In the trial the counsel for the plaintiff offered evidence tending to prove the defendant's handwriting on the note and to the waiver of demand, &c. The defendant, by his counsel, offered to read in evidence the certificate of the doctor as to the health of Dorcas Walker, which was admitted as if the witness was produced and the certificate was sworn to; and then offered to read in evidence to the jury the above deposition taken before the mayor of Washington city. To the production of which the plaintiff, by its counsel objected. The defendant then further proved by a witness then present that the said deposition was taken on the 14th of December, 1841, at the place and hour appointed by the said mayor, and that the said mayor retained the same in his own hands until he delivered the same, after being so taken, to the chief judge of this court, in open court, who delivered it to the clerk of this court, in open court, and further called on the said mayor as a witneess, who also proved the above facts, and stated that the date 1814 in his certificate was a mistake and should have been 1841. The plaintiff, by his counsel, objected to the said evidence as not admissible so as to make the said deposition evidence in this case, and objected to the same and to the said depositions as evidence. The court overruled the objections and allowed the said evidence to be given, and the said deposition to be read in evidence, and the defendant, after having read the said deposition to the jury, waived and offered to withdraw the answer to the third interrogatory and let it be considered as in evidence or not at the option of the plaintiff, and the plaintiff objected to said answer being so waived, and withdrawn by the defendant after having been read in evidence to the jury, which objection was overruled by the court, to which overruling plaintiff, by its counsel, excepted.

Verdict for defendant.

There was a bill of exceptions signed by the court. But no further action was taken in the case.